

**Robert N. Driscoll**
Attorney at Law

McGlinchey Stafford PLLC
T (202) 802-9950  F (202) 403-3870                                                      1275 Pennsylvania Avenue NW, Suite 420
rdriscoll@mcglinchey.com                                                                                          Washington, DC 20004

October 27, 2022

**By Electronic Filing**

The Honorable Carl J. Nichols
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, DC 20001

RE:     *Carron Drive Apartments LP, et al. v. United States House of Representatives Select Committee to
        Investigate the January 6th Attack on the United States Capitol, et al.*
        Case No.: 1:22-cv-00641-CJN
        **Plaintiffs' Notice of Supplemental Authority**

Dear Judge Nichols,

In connection with Plaintiffs' opposition to Defendants' motion to dismiss, Plaintiffs' counsel writes to provide
notice of supplemental authority.[1]

On October 22, a panel of the Ninth Circuit Court of Appeals voted 2-to-1 to deny former Arizona Republican
State Senator Kelli Ward's request for an injunction to block the release of her phone records to the House
Select Committee investigating the January 6th attack. *See Ward, et al. v. Thompson, et al.*, No. 22-16473
(9th Cir. Oct. 22, 2022). A copy of the order is attached.

The *Ward* decision is significant because it acknowledges the balancing that the exacting scrutiny test requires
when compliance with a subpoena burdens protected associational activity.[2] Ward was initially subpoenaed by
the Committee. When the Committee questioned her about her activities and communications surrounding
January 6th, she invoked the Fifth Amendment and declined to answer. The Committee then pursued her phone
records from T-Mobile. The district court denied her motion to quash. And on appeal, the majority denied her
request for an injunction because—even assuming the exacting scrutiny standard applied—"the Committee has

---

[1] Such notices are commonly used within this district court to report subsequent decisions bearing on a pending
motion, "provided that [they] are limited." *Sanders v. District of Columbia, et al.*, No. 1:06-cv-01411-PLF (D.D.C.
Nov. 6, 2014) ([Doc. 126]). Appellate rules model what is permissible. *Id.*; *cf.* Fed. R. App. P. 28(j) (a party may file
a letter "setting forth the citations" and "stat[ing] the reasons for the supplemental citations" in 350 words or
less).

[2] Although the majority and dissent disagreed on whether the compelled disclosure would deter protected
associational activity, both opinions analyzed the exacting scrutiny test. *See Ward*, *supra*.

**mcglinchey.com**

Albany  Baton Rouge  Birmingham  Boston  Cleveland  Dallas  Fort Lauderdale  Houston  Irvine
Jackson  Jacksonville  Nashville  New Orleans  New York City  Providence  Seattle  **Washington, DC**

The Honorable Carl J. Nichols
October 27, 2022
Plaintiffs' Notice of Supplemental Authoirty
Page 2 of 2

a strong interest in pursuing its investigation by other means" "[h]aving attempted the less intrusive method of asking Ward directly[.]" *Ward*, maj. op., at *7 (Silverman and Miller, JJ.).[3]

This case presents different facts. The Committee requested documents and testimony from Stephen Miller concerning his activities and communications surrounding January 6th, and Mr. Miller complied. He has provided the Committee with copies of and testimony regarding all of the communications the Committee might possibly need for its investigation.

Sincerely,

*Robert N. Driscoll*

Robert N. Driscoll (DC Bar #486451)
*Counsel for Plaintiffs Carron Drive Apartments LP and Stephen Miller*

Attachments

cc: All counsel of record (*via CM/ECF*)

---

[3] Judge Ikuta disagreed. *See Ward*, dissenting op., at *6 (Ikuta, J., dissenting) ("The Committee has not carried [its] burden."). As of the date of this filing, the case is before the Supreme Court. On October 24, Ward filed an emergency application with the Supreme Court, asking the justices to grant a stay of the Committee's subpoena. On October 26, Justice Elena Kagan, who supervises the appeals court for the Ninth Circuit, issued a temporary order blocking the Committee's subpoena. *See Ward*, No. 22A350, __ S. Ct.__, 2022 WL 14756027 (U.S. Oct. 26, 2022) (Kagan, J.).