## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRON DRIVE APARTMENTS LP, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:22-cv-00641-CJN |
| | ) |
| UNITED STATES HOUSE OF | ) |
| REPRESENTATIVES SELECT COMMITTEE | ) |
| TO INVESTIGATE THE JANUARY 6TH | ) |
| ATTACK ON THE UNITED STATES | ) |
| CAPITOL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Plaintiffs hereby respectfully submit this Notice of Supplemental Authority in connection with Plaintiffs' opposition (Doc. 19) to Defendants' motion to dismiss (Doc. 16).[1]

On October 22, a panel of the Ninth Circuit Court of Appeals voted 2-to-1 to deny former Arizona Republican State Senator Kelli Ward's request for an injunction to block the release of her phone records to the House Select Committee investigating the January 6th attack. *See Ward, et al. v. Thompson, et al.*, No. 22-16473 (9th Cir. Oct. 22, 2022). A copy of the order is attached.

The *Ward* decision is significant because it acknowledges the balancing that the exacting scrutiny test requires when compliance with a subpoena burdens protected associational activity. Ward was initially subpoenaed by the Committee. When the Committee questioned her about her

---

[1] Such notices are commonly used within this district court to report subsequent decisions bearing on a pending motion, "provided that [they] are limited." *Sanders v. District of Columbia, et al.*, No. 1:06-cv-01411-PLF (D.D.C. Nov. 6, 2014) ([Doc. 126]). Appellate rules model what is permissible. *Id.*; *cf.* Fed. R. App. P. 28(j) (a party may file a "letter, with a copy to all other parties, setting forth the citations" and "stat[ing] the reasons for the supplemental citations" in 350 words or less). Plaintiffs initially submitted a letter, but were requested to refile in pleading form.

activities and communications surrounding January 6th, she invoked the Fifth Amendment and declined to answer. The Committee then pursued her phone records from T-Mobile. The district court denied her motion to quash. And on appeal, the majority denied her request for an injunction because—even assuming the exacting scrutiny standard applied—"the Committee has a strong interest in pursuing its investigation by other means" "[h]aving attempted the less intrusive method of asking Ward directly[.]" *Ward*, maj. op., at *7 (Silverman and Miller, JJ.).[2]

This case presents different facts. The Committee requested documents and testimony from Stephen Miller concerning his activities and communications surrounding January 6th, and Mr. Miller complied. He has provided the Committee with copies of and testimony regarding all of the communications the Committee might possibly need for its investigation.

Dated: October 28, 2022

Respectfully submitted,

/s/Robert N. Driscoll
Robert N. Driscoll (DC Bar #486451)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9950
Fax: (202) 403-3870
rdriscoll@mcglinchey.com
*Counsel for Plaintiffs Carron Drive Apartments LP and Stephen Miller*

---

[2] Judge Ikuta disagreed. *See Ward*, dissenting op., at *6 (Ikuta, J., dissenting) ("The Committee has not carried [its] burden."). As of the date of this filing, the case is before the Supreme Court. On October 24, Ward filed an emergency application with the Supreme Court, asking the justices to grant a stay of the Committee's subpoena. On October 26, Justice Elena Kagan, who supervises the appeals court for the Ninth Circuit, issued a temporary order blocking the Committee's subpoena. *See Ward*, No. 22A350, __ S. Ct.__, 2022 WL 14756027 (U.S. Oct. 26, 2022) (Kagan, J.).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 28th day of October, 2022 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/Robert N. Driscoll
Robert N. Driscoll (DC Bar #486451)
*Counsel for Plaintiffs Carron Drive Apartments LP*
*and Stephen Miller*